IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINALD JOHNSON :
: Civ. No. 4:13-CV-01244
Plaintiff, :
: (Judge Brann)
:
v. :
:
CATHERINE C. MCVEY :
:
Defendant. :

**MEMORANDUM**
November 1, 2013

## I. BACKGROUND

Before the Court is pro se Plaintiff Reginald Johnson's Motion to Appoint Counsel, filed on July 17, 2013 (ECF No. 12). Johnson's underlying action against the Pennsylvania Board of Probation and Parole's Chairperson, Catherine McVey, was filed on May 7, 2013 (ECF No. 1). Johnson purports to state two claims in his complaint: 1) that he is entitled to relief because the Lycoming County District Attorney's Office allegedly filed its response to his state court habeas corpus petition ten (10) days late, and as a result, default judgment should have been entered against that Office;[1] and, 2) that he is entitled to relief because, when

---

[1] Johnson contends the District Attorney's response was due to be filed on or before January 30, 2012, but that it was actually filed on February 9, 2012.

1

considering his petition, the Pennsylvania Supreme Court issued a "*per curiam*" opinion, which Johnson argues could not have properly been issued because Justice Joan Orie Melvin was absent from the proceeding due to her own legal travails. Johnson seeks monetary damages in the amount of $7,000,000. The Court has previously issued an Order Adopting the Report and Recommendation of Magistrate Judge Susan E. Schwab Granting Plaintiff's Motion for leave to proceed in forma pauperis, but Dismissing the Action as lacking merit (ECF No. 11). The Court now considers Johnson's Motion to Appoint Counsel to continue the action.

## II. DISCUSSION

The United States Code provides, in pertinent part, that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Nevertheless, "[t]he Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997). Nor is there a statutory right to counsel for civil litigants. Id.

Rather, the statute "gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis." Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

Moreover, "counsel is normally appointed in civil cases for indigent parties only 'upon a showing of special circumstances indicating the likelihood of substantial prejudice to the indigent litigant.'" Shipman v. Rochelle, CIV. A. 3:11-1162, 2013 WL 1624290, at *1 (M.D. Pa. Apr. 15, 2013) (Mannion, J.) (quoting Maisonet v. City of Philadelphia, 06-CV-4858, 2007 WL 1366879, at *4 (E.D. Pa. May 7, 2007) (McLaughlin, J.)). A district court's decision is "reviewable by a court of appeals for abuse of discretion," so it is "desirable for the district court to explain the reasons for its decision." Id.

Under the applicable analysis for this issue established by the United States Court of Appeals for the Third Circuit, the court should first "determine that the plaintiff's claim has some arguable merit in law and fact." Seawright v. Kyler, CIV.A. 1:02-1815, 2006 WL 709118, at *2 (M.D. Pa. Mar. 13, 2006) (Conner, J.).[2] If the plaintiff's claim lacks merit, the judge may deny the request for counsel

---

[2]That threshold is not met in this case. Ordinarily, when it is met, the court should look to six factors that guide the judge's discretionary determination:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his or her own behalf.

Shipman, 2013 WL 1624290, at *1 (quoting Benchoff v. Yale, 11-CV-1106, 2012 WL 4061218 (M.D. Pa. 2012) (Caputo, J.); Tabron, 6 F.3d at 158–59; see also Parham, 126 F.3d at 458.

3

without proceeding further in the analysis.  See id.

   A.   Plaintiff's First Claim Lacks Merit

The Court now considers whether Johnson's first claim—that the District Attorney's failure to file a timely response in his state court habeas corpus action entitles Johnson to default judgment in this Court—is meritorious in law or fact. The Court construes this as a claim under 42 U.S.C. § 1983, because it necessarily implies that an individual acted under color of state law to deprive Johnson of "rights, privileges, or immunities secured by the Constitution and laws."  See 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167, 173–74 (1961).

To the extent that this Court's granting of Johnson's request for default judgment would call into question his criminal conviction, his claim is barred by the favorable termination rule established in Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).  In that case, Justice Scalia articulated the rule, stating:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

Johnson has not made any showing or alleged any facts whatsoever that his conviction or sentence has been reversed on direct appeal, expunged, declared invalid, or called into question by a federal court.  Moreover, the rule further prohibits entering "judgment in favor of the plaintiff [that] would necessarily imply the invalidity of his conviction or sentence," which it would in this case.  Id. at 487.  As such, the merits of Johnson's first claim would be barred by the favorable termination rule.  See id.

Additionally, this Court lacks subject matter jurisdiction to provide Johnson's requested relief.  As Judge Rodriguez, writing for the Third Circuit, elucidated, "a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling."  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006).

In this case, the Pennsylvania Supreme Court affirmed a lower court ruling denying Johnson's petition for writ of habeas corpus in a decision he now seeks to challenge.  See Commonwealth Court of Pennsylvania v. Johnson, 65 A.3d 384 (Pa. 2013).  If this Court entered a default judgment in connection with the habeas petition in that action, it would effectively void the state court's ruling in contravention of established law.  See Taliaferro, 458 F.3d at 192.  Therefore,

Johnson's claim lacks merit and this Court need not examine this issue further to deny him the requested appointment of counsel. See Seawright, 1:02-1815, 2006 WL 709118, at *2.

    B.    Plaintiff's Second Claim Lacks Merit

Turning to Johnson's second claim, the Court finds that it also lacks merit. Johnson alleges that he is entitled to relief because the Pennsylvania Supreme Court affirmed a lower court decision denying his habeas corpus petition in a "*per curiam*" opinion, when that court could not properly issue a *per curiam* opinion because one justice was not present. The phrase "*per curiam*" is defined as, "[b]y the court as a whole." BLACK'S LAW DICTIONARY 1251 (9th ed. 2009) Further, a "*per curiam* opinion" is defined as "[a]n opinion handed down by an appellate court without identifying the individual judge who wrote the opinion." Id. at 1201.

The Pennsylvania Supreme Court does state in its Internal Operating Procedures that "[a] per curiam order shall indicate if a Justice did not participate in the consideration or decision of the matter." PA. SUP. CT. INTERNAL OPERATING PROCEDURE 3(C)(5). Elsewhere in the Procedures, however, it expressly provides that "[n]o substantive or procedural rights are created," by the Supreme Court's rules. PA. SUP. CT. INTERNAL OPERATING PROCEDURE 1.

This Court is unaware of any other law or relevant precedent, binding or

persuasive, that provides a cause of action for this claim.  Even if Johnson could provide support for his contention, such claim may be barred by the harmless error rule.  See, e.g., Chapman v. California, 386 U.S. 18, 24 (1967).  Moreover, to the extent this claim is construed as an action under 42 U.S.C. § 1983, the Justices of the Pennsylvania Supreme Court are entitled to absolute immunity in the performance of their judicial function.  Mireles v. Waco, 502 U.S 9, 11–12 (1991); Stump v. Sparkman, 435 U.S. 349, 356–57 (1978).  As a consequence, Johnson's second claim also lacks merit.

## III. CONCLUSION

As Johnson does not state a claim with any legally cognizable merit, his request for appointed counsel is denied.  The Court need not pursue the analysis further.

An appropriate Order follows.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge